37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Scott A. HEIMERMANN, Petitioner-Appellant,
v.
Gary R. McCAUGHTRY, Respondent-Appellee.
 No. 93-3623.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1994.*
Decided Oct. 20, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Scott A. Heimermann appeals the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. We affirm.
 
 FACTS
 
 2
 Petitioner pled guilty to one count of theft by false representations in Wisconsin state court on June 8, 1986. Petitioner was sentenced to nine months of after-hours imprisonment and five years probation. Petitioner moved, post-conviction, to withdraw the plea. The trial court denied the motion, and was affirmed by the Wisconsin Court of Appeals on June 24, 1987. The Wisconsin Supreme Court declined to review the case. In 1992, petitioner was convicted of two counts of first degree murder and sentenced to two consecutive life sentences. The parties agree the murder conviction came after the expiration of the 1986 sentence, as did the filing of this petition on June 17, 1992.
 
 
 3
 Petitioner challenges his 1986 plea on the grounds it was not voluntary. First, petitioner maintains the plea was involuntary because petitioner entered into the plea based upon a reasonable apprehension of prosecutorial vindictiveness. Petitioner maintains the prosecutor was seeking to punish him for successfully withdrawing an earlier guilty plea. Second, petitioner maintains that the plea was involuntary because it was the product of ineffective assistance of counsel. Petitioner maintains defense counsel failed to adequately prepare a defense, which forced him to plead guilty. Petitioner maintains that he still suffers collateral consequences from the 1986 conviction, as the conviction was used to impeach his testimony at the 1992 murder trial and was used to enhance his current sentence.
 
 
 4
 The government argued to the district court that the petition was moot because petitioner was no longer in custody for the 1986 conviction. The government also argued that there was no prosecutorial vindictiveness and defense counsel was not ineffective. The district court held the petition was not moot, because the petitioner was still suffering "collateral consequences" from the conviction. (District Court opinion at 3, citing D.S.A. v. Circuit Court Branch 1, 942 F.2d 1143, 1146 (7th Cir.), cert. denied, 112 S.Ct. 1196 (1992)). The district court, however, found for the government on the merits, holding that there was no prosecutorial vindictiveness and defense counsel was not ineffective.
 
 ANALYSIS
 
 5
 This court concludes that the petition was properly dismissed, as the 1986 conviction can only properly be challenged (in federal court) in a collateral attack on the current sentence for murder.
 
 
 6
 When custody has ended on an old conviction, "28 U.S.C. Sec. 2254 does not authorize a petition for habeas corpus seeking release; you can't be released from a sentence that expired by its own terms." Crank v. Duckworth, 905 F.2d 1090, 1090 (7th Cir.1990), cert. denied, 498 U.S. 1040 (1991). (Citing Maleng v. Cook, 490 U.S. 488 (1989).)[1] When an earlier conviction is used to enhance a current sentence, there are two ways to challenge the earlier conviction. First, petitioner may challenge the earlier conviction by seeking a writ of error coram nobis in the court that rendered the earlier sentence. Id. Second, the petitioner may attack the current sentence collaterally, on the grounds that custody under the current sentence violates the constitution because it is based, at least in part, on an invalid prior sentence. Id. (emphasis added). See also Smith v. Farley, 25 F.3d 1363, 1365-66 (7th Cir.1994).
 
 
 7
 Petitioner, however, is not attacking his current sentence, which is the only "custody" that can fulfill the requirements of 28 U.S.C. Sec. 2254(a). Further, it is unlikely that petitioner could properly collaterally attack his current sentence at the present time. Petitioner has stated that he is currently pursuing a direct appeal of his 1992 murder convictions. (Petition, p. 7; Petitioner's Reply, p. 9). As his 1992 sentence is not final, indicating, by definition, that he has not exhausted state court remedies pursuant to 28 U.S.C. Sec. 2254(c), a petition for a writ of habeas corpus directed at his current custody would have to be dismissed as premature.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.R. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 D.S.A. is distinguishable on the grounds the petitioner in that case filed her action while still in custody. See 942 F.2d at 1145 n. 2