61 F.3d 905
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lawrence FOGLE, Petitioner - Appellant,
v.
Daniel McBRIDE and Attorney General of Indiana, Respondents.
 No. 94-2550.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1995.*
Decided June 29, 1995.
 
 Before Cummings, Coffey and Rovner, Circuit Judges.
 
 ORDER
 
 1
 Lawrence Fogle pled guilty to charges of resisting law enforcement and was sentenced in 1983 to a term of four years' imprisonment. He served this sentence. In 1987, Fogle pled guilty to charges of burglary. He received a six-year sentence for the burglary offense and was sentenced to an additional twenty year's imprisonment as a habitual offender,[1] based in part upon his 1983 felony conviction.
 
 
 2
 In 1989, Fogle filed a post-conviction petition contesting the validity of his 1983 conviction for resisting law enforcement. In his petition, Fogle argued that his plea of guilty should not have been accepted because he denied an element of the offense, knowledge that the police officer was actually an officer. On September 23, 1992, a hearing on Fogle's petition for post-conviction relief was held in the Lake County Superior Court. On November 13, 1992, Judge Clement denied Fogle's petition for post-conviction relief. Fogle v. State of Indiana, No. 2CR-107-582-432 (Lake County Sup. Ct. Nov. 13, 1992). In its findings of fact and conclusions of law, the court held that Fogle's comments at the guilty plea hearing did not amount to a protestation of innocence and that the trial court properly accepted his plea of guilty. Fogle appealed and the Indiana Court of Appeals for the Third District affirmed. Fogle v. State of Indiana, No. 45A04-9303-PC-79 (July 12, 1993). The Indiana Supreme Court denied Fogle's petition to transfer. Fogle v. State of Indiana, No. 45A04-9303-PC-0079 (Aug. 18, 1993). Fogle was represented by a public defender throughout these proceedings.
 
 
 3
 In 1991, Fogle filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. In this petition Fogle claimed three grounds for relief: (1) undue delay by the state court in deciding his petition for post-conviction relief; (2) error by the trial court in accepting Fogle's 1983 plea of guilty; and (3) ineffective assistance of counsel. Nowhere in his petition did Fogle mention his 1987 burglary conviction or claim that the 1983 resisting law enforcement conviction was used to enhance the 1987 burglary conviction. The district court dismissed the petition for lack of subject matter jurisdiction finding that Fogle was no longer incarcerated based upon the 1983 conviction. Fogle v. Clark, No. H 90-395 (N.D.Ind. March 4, 1991). No appeal was taken.
 
 
 4
 In 1994, Fogle filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. In this petition Fogle raised only one issue, error by the trial court in accepting his 1983 plea of guilty. Fogle did not state that the 1983 conviction was used to enhance the 1987 conviction. The district court dismissed Fogle's petition, finding that the district court, in its disposition of the 1991 habeas petition, had already decided the issue. Fogle then filed a traverse informing the court that his sentence for the 1987 burglary conviction was enhanced, in part, because of his 1983 conviction for resisting law enforcement. The district court found no reason to modify its earlier order. Fogle appeals.
 
 
 5
 Federal district courts have jurisdiction to entertain a petition for a writ of habeas corpus from a person who is in custody for the conviction under attack. 28 U.S.C. Sec. 2254(a). See also Maleng v. Cook, 490 U.S. 488, 490-91 (1989). If a petitioner is currently serving a sentence that was enhanced on the basis of a prior conviction, he is considered "in custody" and may challenge the constitutionality of the prior conviction even though the custodial term of that conviction has expired. Smith v. Farley, 25 F.3d 1363, 1365-66 (7th Cir. 1994). A federal court may review the constitutionality of a prior expired conviction "unless a defendant has already exercised any earlier opportunity for a full and fair state collateral review." Smith, 25 F.3d at 1367. If the state has afforded the petitioner with an opportunity to wage a collateral attack on the prior conviction used to enhance the current sentence, a federal court will not cover the same ground under Sec. 2254. Id.
 
 
 6
 Fogle was represented by a public defender throughout his post-conviction proceedings. Both the Lake County Superior Court and the Indiana Court of Appeals issued unpublished orders addressing the merits of Fogle's claims. Fogle v. State of Indiana, No. 2CR-107-582-432 (Lake County Sup. Ct. Nov. 13, 1992); Fogle v. State of Indiana, No. 45A04-9303-PC-79 (July 12, 1993). Since Indiana entertained, and rejected on the merits, Fogle's challenge to his 1983 conviction in his collateral attack, further review of Fogle's petition is precluded.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Under Indiana law, a defendant qualifies as a habitual offender if he has accumulated two prior unrelated felony convictions. IND. CODE Sec. 35-50-2-8(a) (1995). The court may impose an extended term sentence of up to three times the presumptive sentence for the underlying offense, not to exceed thirty years. IND. CODE Sec. 35-50-2-8(e) (1995)