74 F.3d 1242
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert E. HAMPTON, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Respondent-Appellee.
 No. 95-1281.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Jan. 3, 1996.
 
 Before POSNER, Chief Judge, and FAIRCHILD and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Robert Hampton appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The petition challenged Hampton's conviction in 1983 by an Indiana state court for carrying a handgun without a permit. Hampton alleged in the petition that his guilty plea to the handgun charge was involuntary because he was not explicitly advised of his Sixth Amendment right to be confronted with the witnesses against him, and because there was an insufficient factual basis for the plea. Because the sentence for the handgun conviction had expired, the Sec. 2254 petition was necessarily construed as a challenge to the use of the handgun conviction to enhance the sixty-year Indiana state sentence that Hampton was currently serving.
 
 
 2
 In Smith v. Farley, 25 F.3d 1363 (7th Cir.1994), cert. denied, 115 S.Ct. 908 (1995), we examined the situation where a petitioner raised constitutional challenges to a prior conviction "after he learned it would be used as an enhancement for his present conviction." Id. at 1370 (emphasis omitted). We held that only if "state proceedings for detecting and correcting constitutional error ... are wholly absent, or are found to be constitutionally deficient, should a federal court independently inquire into the merits of matters such as the constitutionality of prior convictions used to enhance a present sentence." Id. It is apparent from the record that Hampton received a full and fair opportunity to litigate his constitutional challenges in the Indiana state courts. Hampton makes no suggestions to the contrary. Since Hampton received a full and fair opportunity to litigate his claims in the Indiana state court system, we may not reach the merits of Hampton's claims. Id. at 1370-71.
 
 
 3
 The judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record