91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Danny Ray RUSSELL, Petitioner-Appellant,
v.
Craig HANKS, Respondent-Appellee.
 No. 95-3744.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 16, 1996.*
Decided July 16, 1996.
 
 Before CUMMINGS, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from the district court's denial of Danny Ray Russell's pro se petition pursuant to 28 U.S.C. § 2254. For the reasons set forth below, we affirm.
 
 
 2
 Russell is currently incarcerated at an Indiana correctional facility--the Wabash Valley Correctional Institute in Carlisle, Indiana--on a July 2, 1985 conviction for armed robbery. Russell's projected release date is January 22, 2007. In his habeas corpus petition, Russell challenges the constitutionality of a 1974 Indiana sodomy conviction which was used to enhance the sentence imposed on his 1985 robbery conviction.[1]
 
 
 3
 In challenging the 1974 conviction, Russell claims that (1) the waiver of his right to a trial by jury was not knowing and voluntary; (2) trial counsel was ineffective for failing to advise him of his right to a jury trial; and (3) appellate and post-conviction counsel were ineffective for failing to challenge the voluntariness of his waiver of his right to a jury trial.
 
 
 4
 Although Russell has already served the sentence imposed for the 1974 conviction, since the prior conviction was used to enhance his current sentence, he may challenge the constitutionality of the prior conviction in a habeas corpus petition. Smith v. Farley, 25 F.3d 1363, 1365-66 (7th Cir.1996). However, such federal collateral review is not available if "a defendant has already exercised any earlier opportunity for a full and fair state collateral review." Id. at 1367. We note that the petitioner must be "allowed to raise to raise his arguments concerning his prior conviction at some point after it has been used to enhance his new sentence." Id. at 1368-69.
 
 
 5
 After filing an unsuccessful appeal and post-conviction petition, Russell filed a second Indiana post-conviction petition on September 30, 1992 challenging the constitutionality of his 1974 conviction. In this second petition, Russell argued for the first time that he did not knowingly and intelligently waive his right to a jury trial and that trial and appellate counsel were ineffective for not challenging this waiver. Although Russell's petition was filed pro se, counsel was eventually appointed to represent Russell in the post-conviction proceedings. Counsel amended the petition, adding a claim of ineffective assistance of Russell's first post-conviction counsel. On September 24, 1993, after a hearing, the Marion Superior Court denied the petition. Russell appealed the denial of his second petition. On February 27, 1995, the Indiana Court of Appeals affirmed the denial.
 
 
 6
 Russell's second Indiana post-conviction petition was filed in 1992, after he learned that his 1974 conviction would be used to enhance his current sentence. In the proceedings underlying the disposition of this petition, Russell was afforded a full and fair opportunity to challenge the constitutionality of his 1974 sodomy conviction. The trial court conducted a thorough hearing which included testimony from Russell's trial counsel, appellate counsel, and Russell himself. The court also examined the affidavit of Russell's first post-conviction counsel. Ultimately, the court denied the petition, concluding that Russell's waiver of his right to a jury trial was knowing and voluntary and, therefore, there was no ineffective assistance of counsel for failing to challenge the waiver. The Indiana Court of Appeals affirmed the trial court's judgment.
 
 
 7
 Russell fully utilized Indiana's procedure for post-conviction review in challenging his 1974 conviction and was unsuccessful. Since Russell was afforded a full and fair opportunity to challenge the validity of this prior conviction, the district court properly denied his § 2254 petition without considering the merits.
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 On February 1, 1974, following a bench trial in the Marion County Superior Court in Indiana, Russell was convicted of sodomy and sentenced to a one-to-ten-year term of imprisonment on March 1, 1974. Russell has completed this sentence