107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Henry EMERSON, Petitioner-Appellant,
v.
Charles B. MILLER, Respondent-Appellee.
 No. 96-1863.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 05, 1997.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Henry Emerson filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, challenging the constitutionality of his 1984 conviction for theft. Emerson claims that his guilty plea to the theft charge was not supported by a sufficient factual basis and that it was not knowingly, voluntarily, or intelligently given. He now appeals from the district court's judgment denying Emerson's habeas petition and dismissing the cause of action with prejudice pursuant to Smith v. Farley, 25 F.3d 1363 (7th Cir.1994), cert. denied, 115 S.Ct. 908 (1995). Because Emerson has not demonstrated that he is entitled to relief under § 2254, we affirm.
 
 
 2
 On September 19, 1984, Emerson pleaded guilty to theft and was sentenced to one year imprisonment. (State Record at 110-17.) Ten years after completing his sentence, he filed a state court post-conviction petition challenging his conviction. (State Record at 34-41.) The state trial court denied his petition after conducting two hearings on the validity of his guilty plea, (State Record at 76-78, 81-159) and the state appellate court affirmed his conviction and sentence on appeal (R. at 8, Ex. 1). After Indiana's Supreme Court denied transfer (R. at 8, Ex. 6), Emerson sought relief from his 1984 theft conviction in federal court in 1995.[1] Although Emerson has already completed his sentence for his theft conviction, his habeas petition does not run afoul of the "in custody" requirement because he is now in custody pursuant to a 1986 battery conviction and that sentence was enhanced on the basis of the prior theft conviction pursuant to Indiana's habitual offender statute. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Smith, 25 F.3d at 1365.
 
 
 3
 His petition is nevertheless barred. In Smith, we explained that a state petitioner is only entitled to federal habeas review of an expired state conviction being used to enhance a current sentence if he did not have the opportunity to fully and fairly litigate his challenge to the constitutionality of the prior conviction during his sentencing hearing or in state post-conviction proceedings. Smith, 25 F.3d at 1365-70; see also Tredway v. Farley, 35 F.3d 288, 293 (7th Cir.1994), cert. denied, 115 S.Ct. 941 (1995). Emerson clearly had and took this opportunity. The state trial court conducted two evidentiary hearings and he received appellate review of the trial court's findings of fact and conclusions of law with respect to his collateral claims. Although Emerson alleges that the state trial judge failed to personally advise him of his constitutional rights during his guilty plea proceedings, he does not explain how the state post-conviction proceedings deprived him of his opportunity to raise this argument or otherwise challenge the constitutionality of his guilty plea. His general assertion that he "did not receive a fair and legitimate review of his state proceedings" (Pet.'s Br. at 2) is insufficient to overcome the bar of Smith. Accordingly, we AFFIRM the district court's judgment denying Emerson's petition for relief pursuant to § 2254.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 This was actually Emerson's third habeas petition. His first petition, filed in 1990, was dismissed for lack of subject matter jurisdiction. His second petition, filed in 1991, was dismissed without prejudice for failure to exhaust his available state court remedies. (Resp.Br. at 4.)