114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kevin S. GORDON, Petitioner-Appellant,
v.
Craig HANKS, Respondent-Appellee.
 No. 96-2007.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 4, 1997.*
Decided April 17, 1997.
Rehearing Denied June 16, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Kevin S. Gordon, a state prisoner acting pro se, appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Gordon was convicted of escape in 1992. He was deemed a habitual offender, based in part on an expired 1979 burglary conviction.[1] The habitual offender status enhanced his three-year sentence for escape to thirteen years. After he was sentenced for escape, Gordon unsuccessfully sought post-conviction relief in the Indiana state courts, attacking the 1979 conviction which formed the basis of his habitual offender status on the grounds that (1) his guilty plea was invalid because the court never established the factual basis of guilt; (2) his counsel was ineffective for failing to investigate and inform Gordon that he could raise the defense of intoxication to the burglary charge; (3) the court's failure to inform him of the terms of his probation invalidated the guilty plea; and (4) the court lacked jurisdiction to revoke his probation, while the revocation proceedings otherwise violated his right to due process. After exhausting his state remedies, Gordon filed a petition for a writ of habeas corpus, raising essentially the same claims which he raised in the state courts. The district court concluded that under the principles we enunciated in Smith v. Farley, 25 F.3d 1363, 1367-70 (7th Cir.1994), it could not reach the merits of Gordon's challenge to his 1979 conviction, and dismissed the petition. We affirm.
 
 
 2
 The crux of Gordon's appeal is his contention that Garlotte v. Fordice, 115 S.Ct. 1948 (1995), mandated that the district court reach the merits of his petition, contrary to Smith. We disagree. Garlotte addressed a purely jurisdictional question on which there was a split among the circuits: whether a petitioner serving consecutive sentences, the first of which had expired, remained "in custody" within the meaning of 28 U.S.C. § 2254(a), for the purpose of collaterally attacking the expired sentence.[2] The Garlotte court limited its inquiry to that threshold question. It never reached the issue, crucial to the rationale of Smith, whether Garlotte's was a case where " 'considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its [full] habeas corpus power.' " Smith, 25 F.3d at 1370 (quoting Stone v. Powell, 428 U.S. 465, 478 n. 11 (1976)). Where a defendant is attacking an expired sentence which has collateral consequences on his present sentence, and that defendant "has already exercised any earlier opportunity for a full and fair state collateral review," Smith reasoned, id. at 1367, such considerations require a federal court to decline to employ its habeas corpus power, even though it has jurisdiction to entertain the petition. Smith is thus consistent, not in tension, with Garlotte.
 
 
 3
 It is true that Smith, unlike Gordon and Garlotte, was not serving consecutive sentences; he was challenging a previous sentence which, if valid, made him a habitual offender and enhanced his current sentence. And even without the sentence enhancement, Gordon's burglary conviction continues to postpone the date of his release, like the petitioner in Garlotte and unlike Smith. Nonetheless, we believe that Gordon's case is more like Smith than Garlotte. Gordon's sentences, like Smith's, were imposed on different occasions by different judges. Like Smith (and unlike Garlotte, who filed his collateral attack shortly after he was sentenced), Gordon waited over a decade to challenge his first conviction. This undermines Gordon's insistence that he is not making a derivative attack on his habitual offender status, and bolsters the State's argument that his principal reason for challenging the expired conviction is that, like Smith and unlike Garlotte, that conviction made him a habitual offender and enhanced his escape sentence. Under these circumstances, we believe that the district court properly declined, under the rationale of Smith, to exercise its habeas corpus power, despite having jurisdiction to do so under Garlotte.
 
 
 4
 The record establishes that Gordon had a full and fair opportunity to litigate his claims in the Indiana state courts: it reveals no procedural irregularities, and makes clear that the Indiana courts carefully analyzed all the arguments which Gordon raised. Gordon's insistence that his "opportunity" was neither full nor fair is more a complaint about the results which the state courts reached, rather than the procedures which they employed. Consequently, the district court properly concluded that it could not reach the merits of Gordon's challenge to his 1979 conviction, and correctly dismissed the petition.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Therefore, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Gordon pleaded guilty to second degree burglary. He received a two- to five-year suspended sentence with three years' probation, which was transferred to Minnesota. In 1981, Gordon failed to notify the probation department of his address and place of employment, following his release from a drug treatment center. As a result, Indiana successfully revoked Gordon's probation. Gordon was ordered to serve the remainder of the burglary sentence. On May 5, 1983, fourteen months before the sentence expired, Gordon received a twenty-two year sentence for rape, criminal deviate conduct, robbery, and confinement, to be served consecutive to the burglary sentence. Three months later, Gordon escaped, and eluded capture for seven years. He was eventually picked up in New York, and extradited to Indiana. In 1992, he was sentenced for the escape, the sentence to be served consecutive to the 1983 charges
 
 
 [2]
 The Court (though it did not cite Smith v. Farley ) noted that the Seventh Circuit was among those following the more liberal reading of "in custody" that it adopted in Garlotte. 115 S.Ct. at 1951 n. 2. The Smith court, too, explicitly rejected the argument that it lacked jurisdiction because Smith was not "in custody" on the expired sentence. 25 F.3d at 1365-66