151 F.3d 1032
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gregory E. DOUGLAS, Petitioner-Appellant,
v.
D. Bruce JORDAN, Respondent-Appellee.
 No. 97-3597.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 23, 1998.
Decided July 28, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. No. 97 C 686 Sarah Evans Barker, Chief Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. WILLIAM J. BAUER, Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Gregory E. Douglas has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1980 conviction for delivery of cocaine, burglary, and theft. Douglas did not taken a direct appeal from this conviction, but he collaterally attacked the conviction in post-conviction proceedings in the Indiana state courts.
 
 
 2
 Douglas's sentence for the 1980 conviction already had been served when he brought the present § 2254 petition. However, Douglas currently is incarcerated under a 1989 conviction for theft and for being an habitual offender. Because the 1980 conviction was used in support of his 1989 habitual offender conviction, the present petition is considered an attack on his current confinement under the habitual offender statute. Tredway v. Farley, 35 F.3d 288, 292 (7th Cir.1994) (for purposes of a § 2254 petition, "[b]ecause a person currently serving a sentence that was enhanced on the basis of a prior conviction is still in custody [on the enhancing conviction], he may challenge the enhancing conviction as constitutionally invalid even though that prior conviction's custodial term has expired.") (quoting Smith v. Farley, 25 F.3d 1363, 1365-66 (7th Cir.1994)). The district court dismissed Douglas's petition on the basis that Douglas already received a full and fair opportunity for review of the 1980 conviction in the Indiana state courts. Smith, 25 F.3d at 1365-70.
 
 
 3
 The district court lacked power to act on Douglas's petition. Although the petition attacked the 1980 conviction, Douglas was attacking that judgment only as a basis to argue that his 1989 sentence was improper. Zavesky v. Miller, 79 F.3d 554, 556 (7th Cir.), cert. denied, 519 U.S. 828, 117 S.Ct. 93, 136 L.Ed.2d 48 (1996). Douglas already had filed a prior § 2254 petition challenging his 1989 conviction, which was denied. The present petition, therefore, was successive to the first petition attacking his present confinement. Id. Unless leave is first obtained from this court, a district court must dismiss for want of jurisdiction a second or successive petition for collateral review. See Nunez v. United States, 96 F.3d 990, 991 (7th Cir.1996).
 
 
 4
 The judgment of the district court is vacated, and the case is remanded with instructions to dismiss for want of jurisdiction.