**J. Kenneth PATTON**

v.

**Charles E. FENTON, Warden, U. S. Parole Commission.**

**Civ. No. 79–601.**

United States District Court, M. D. Pennsylvania.

Sept. 14, 1979.

J. Kenneth Patton, pro se.

Daniel A. DeRose, Asst. U. S. Atty., Harrisburg, Pa., for defendant.

MEMORANDUM AND ORDER

NEALON, Chief Judge.

This is a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Petitioner, an inmate at the United States Penitentiary, Lewisburg, Pennsylvania, contends that the United States Parole Commission (Commission) improperly based its finding of probable cause for a parole violation and its decision to forfeit time served on parole upon a state court conviction that was then being challenged on appeal.  He argues that this conviction cannot be used to find probable cause for a parole violation and denial of credit for time served on parole until after state court appeals have been exhausted.

Magistrate Joseph G. Quinn, to whom this matter had been referred, has submitted a report recommending that the petition be denied. Specifically, Magistrate Quinn suggests that the claim challenging the probable cause finding be dismissed as successive because the identical claim had been raised by petitioner and decided against him in the United States District Court for the Eastern District of Pennsylvania. He recommends that relief be denied on the claim contesting the use of the conviction to deny credit for time spent on parole because the Commission action is authorized by 18 U.S.C. § 4210(b)(2). Petitioner has filed exceptions to the Magistrate's report.

I have reviewed the record and the applicable law and have concluded that while the decision of the Eastern District may not justify dismissal of petitioner's probable cause claim as successive, he is nonetheless not entitled to relief on the merits of either claim. Accordingly, the petition for a writ of habeas corpus will be denied.

### FACTS

The pertinent facts of this case have been set out in the Magistrate's report and will only be briefly restated here. On February 27, 1974, petitioner was sentenced in the United States District Court for the Eastern District of Pennsylvania to a prison term of five years. He was paroled from this sentence to state detaining authorities on May 14, 1975. At this time petitioner had 1099 days remaining on his federal sentence, which was to expire on May 17, 1978.

In December 1977, petitioner was tried and convicted by a jury in the Chester County Court of Common Pleas of forgery, theft by deception, and receiving stolen property.[1] Petitioner appealed the verdict.

Based on this conviction the Commission determined that there was probable cause that petitioner had violated the terms of his parole and, on February 2, 1978, issued a parole violator's warrant. The warrant was subsequently executed and petitioner was incarcerated at the Lewisburg prison. He received a parole revocation hearing on April 10, 1978 and, by Notice of Action dated April 24, 1978, was informed that his parole had been revoked, that the time he had spent on parole towards service of his sentence had been forfeited, and that his incarceration would continue to expiration of his parole violator's term, tentatively scheduled for August 1, 1980. At the time of this decision, the appeal from petitioner's conviction was still pending.

Petitioner initially instituted an action in the Eastern District of Pennsylvania, asserting that the Commission did not have the authority to rely upon a conviction then under appeal to find probable cause for a parole violation. By order dated October 6, 1978, Judge Raymond J. Broderick adopted the report and recommendation of Magistrate Tullio Gene Lemporra and dismissed the action.

### THE SUCCESSIVE PETITION ISSUE

■ Magistrate Quinn concluded that because the probable cause claim presented here is identical to the question raised in the Eastern District this claim should be dismissed as successive. The pertinent authority for dismissing successive habeas corpus petitions is found in 28 U.S.C. § 2244(a)[2] and Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (1977)[3] (applicable to section 2241

---

1. Petitioner was apparently arrested on these charges in November, 1977. I assume that the offenses were committed while petitioner was on parole.

2. Section 2244(a) of title 28 U.S.C. provides:
   No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been deter-

mined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

3. Rule 9(b) of the Habeas Corpus Rules provides:
   A second or successive petition may be dismissed if the judge finds that it fails to

petitions through Rule 1(b)). An examination of the language of 28 U.S.C. § 2244(a), Rule 9(b) and the pertinent interpretive decisions indicates that there are two threshold questions that must be answered before a claim for habeas relief may be dismissed as successive. First, it must be determined that "the same ground presented in the subsequent application was determined adversely to the applicant on the prior application." *Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963). If the same ground was raised in the prior habeas petition, it must then be determined that "the prior determination was on the merits." *Id.* Doubts as to these matters are to be resolved in favor of the petitioner. *Id.* at 16, 83 S.Ct. at 1077. Once the court has addressed the threshold requirements and has concluded that both have been met, it must determine whether the ends of justice would be served by considering the merits of the subsequent petition. *Id.*

While it is clear that the probable cause issue presented in the instant petition is identical to that raised in the Eastern District, it is not evident that the decision of Judge Broderick was made on the merits. The Eastern District action was apparently instituted as a habeas corpus petition under 28 U.S.C. § 2254,[4] but disposed of as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence imposed by a federal court. In a footnote in his report Magistrate Lemporra recognized the jurisdictional problems which the action as then filed created. He concluded that "the Petition for Habeas Corpus under 28 U.S.C. § 2254 should be denied and dismissed because the Motion should have been under § 2255 and assigned to [the sentencing judge.]" Respondents' Exhibit No. 2, at 6 n. 8. Magistrate Lemporra's report also considered the merits of petitioner's claim

in detail and concluded that it did not afford a basis for relief. Judge Broderick adopted Magistrate Lemporra's report and recommendation and dismissed the action without comment.

Thus, while Magistrate Lemporra appeared to recommend dismissal of the action either on the merits or for lack of jurisdiction, Judge Broderick did not specify the ground upon which he had decided to dismiss the action. The extensiveness of the discussion on the merits in Magistrate Lemporra's report would seem to indicate that the matter was disposed of on the merits. It would also appear, however, that the court did not have jurisdiction to entertain the merits of petitioner's claim.

■ The federal collateral review statute, 28 U.S.C. § 2255, does not empower the sentencing court to entertain a claim of wrongful revocation of parole. *See Williams v. United States*, 412 F.Supp. 277, 280 (E.D.Pa.1976). In addition, since petitioner was incarcerated in Lewisburg, which is located within the Middle District of Pennsylvania, the Eastern District did not have jurisdiction to consider the merits of the action as a petition filed pursuant to section 2241 because it did not have jurisdiction over petitioner's custodian. *See Billiteri v. United States Parole Board*, 541 F.2d 938, 948 (2d Cir. 1976).

■ In view of the uncertainty as to the ground upon which Judge Broderick dismissed the Eastern District action and the apparent lack of jurisdiction to consider the merits of the claim raised there, the rule against successive petitions will not be invoked. *Cf. United States ex rel. Senk v. Brierley*, 471 F.2d 657, 660 (3d Cir. 1973). Accordingly, this matter will be disposed of on its merits.

---

allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

4. Section 2254 of title 28 U.S.C. provides a means by which a person in custody pursuant to the judgment of a state court may challenge in federal court the validity of that confinement. It would not provide an avenue by which a federal prisoner could contest the revocation of his parole.

### *RELIANCE UPON CONVICTIONS UNDER APPEAL*

Petitioner asserts that the Commission does not have the statutory authority to rely upon his state court conviction until that conviction has become "final" under Pennsylvania law, which, he contends, does not occur until after his appeals have been exhausted.[5] Consideration of the applicable sections of the Parole Commission and Reorganization Act (PCRA), 18 U.S.C. § 4201, et seq., its legislative history, and analogous case law, however, compels a contrary conclusion.

The statutory authority upon which the Commission relied to use petitioner's conviction to find probable cause for a parole violation and to forfeit time spent on parole is found in sections 4214(b)(1) and 4210(b)(2), respectively. Under section 4214(b)(1) a conviction for a federal, state or local crime dispenses with the requirement that a preliminary hearing be held to determine whether there exists probable cause to believe that the parolee has violated a condition of his parole.[6] Section 4210(b)(2) provides one of the limited bases upon which the Commission may forfeit the time the parolee has spent on parole.[7] Neither section defines "conviction" and the term is not defined in any other section of the PCRA. The legislative history, however, does indicate that the term is being used in its ordinary sense: the rendering of a verdict or the entry of a guilty plea.

For example, the Senate Report notes that "a preliminary probable cause hearing is unnecessary because this determination has been satisfied by the judicial proceedings leading to the new conviction." S.Rep.No.369, 94th Cong., 2d Sess. 26–27, *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 335, 348. In short, an adjudication of guilt after a full-blown trial at which the parolee was accorded the necessary evidentiary and constitutional safeguards establishes probable cause that the first condition of parole has been violated, i. e., the commission of another crime.[8] *See* 18 U.S.C. § 4209(a). To construe the term conviction to include exhaustion of judicial remedies would, in effect, vitiate the statutory provision dispensing with the preliminary hearing on the basis of a conviction. Furthermore, by the time state appellate remedies are completed the Commission may well have lost jurisdiction over the parolee. *See* 18 U.S.C. § 4210. Congress surely did not intend such a result.

The legislative history also indicates that conviction as used in the section authorizing forfeiture of parole time means an *"adjudication* of guilt or delinquency." H.Conf.Rep.No.838, 94th Cong., 2d Sess. 32, *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 351, 364 (emphasis supplied). Again, to interpret conviction to include

---

**5.** Petitioner cites as support for his position 18 Pa.Cons.Stat.Ann. § 109(3) (Purdon 1973), which provides:

> When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:

> (3) The former prosecution resulted in a conviction. There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable of supporting a judgment, or a plea of guilty accepted by the court. In the latter two cases failure to enter judgment must be for a reason other than a motion of the defendant.

This section, however, does not establish Pennsylvania law on the definition of a conviction

for all purposes. It simply indicates what circumstances will preclude a second prosecution as double jeopardy. Furthermore, Pennsylvania law would not be determinative of the question. Rather, what constitutes a conviction for purposes of the federal parole statute is a matter of federal law, which appears to recognize that what constitutes a conviction "varies according to the purpose for which its definition is sought." *United States v. Cody,* 529 F.2d 564, 566 n. 3 (8th Cir. 1976) (per curiam).

**6.** This effect is recognized in the Commission's regulations. *See* 28 C.F.R. § 2.48 (1978).

**7.** *See generally Toomey v. Young,* 449 F.Supp. 336, 339–40 (D.Conn.1978), *aff'd.* 589 F.2d 123 (2d Cir. 1979); 28 C.F.R. § 2.52(c) (1978).

**8.** *See Moody v. Daggett,* 429 U.S. 78, 86 n. 7, 97 S.Ct. 274, 278 n. 7, 50 L.Ed.2d 236 (1976).

exhaustion of appellate processes would be to frustrate the clear purpose of the section, especially where, as here, the parolee is convicted by a jury shortly before the expiration date of his federal sentence.

The fact that the conviction may be reversed on appeal does not militate for a different result.[9] As the court in *Roberson v. Connecticut*, 501 F.2d 305 (2d Cir. 1974), recognized in holding that probation may be revoked on the basis of a conviction under appeal:

> Of course there is a risk of unfairness to a petitioner whose freedom is taken away because of a conviction which is later reversed. But there are competing policies to consider as well. It is likely that in most cases a petitioner, again convicted of a crime, presents some danger to society even though the later conviction has not yet been reviewed.

*Id.* at 308 (footnote omitted). *See also Argro v. United States*, 505 F.2d 1374, 1376–77 (2d Cir. 1974).

█ I find, therefore, that "conviction" as used in sections 4210(b)(2) and 4214(b)(1) of the PCRA refers to the rendering of a verdict or the entry of a guilty plea. Accordingly, the Commission had the authority to rely upon the Chester County conviction to find probable cause for a parole violation without conducting a preliminary hearing and to order the forfeiture of time spent on parole.[10]

---

**9.** I need not here consider the effect of such reversal on the decision to forfeit parole time.

**10.** The Commission had the power to forfeit parole time even though this extended petitioner's incarceration beyond the date on which his sentence and parole supervision would have normally expired. *See Anderson v. Corall*, 263 U.S. 193, 196, 44 S.Ct. 43, 44, 68 L.Ed. 247 (1923); *Graves v. Olgiati*, 550 F.2d 1327, 1329 (2d Cir. 1977). *See generally* H.Conf.Rep.No. 838, 94th Cong., 2d Sess. 32, *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 351, 364.