**Fernando Eros CARO, Petitioner,**

v.

**Daniel VASQUEZ, Warden of California State Prison at San Quentin, et. al., Respondents.**

**No. C–89–1400–JPV.**

United States District Court, N.D. California.

March 16, 1992.

Order Denying Motion to Alter or Amend Judgment April 22, 1992.

---

\*    \*    \*    \*    \*    \*

Daniel E. Lungren, Atty. Gen., State of Cal., George Williamson, Chief Asst. Atty. Gen., John H. Sugiyama, Sr. Asst. Atty. Gen., Morris Beatus, Dane R. Gillette, Deputy Attys. Gen., San Francisco, Cal., for respondents.

Charles R. Breyer, Joseph C. Spero, Jeffrey S. Cogen, Coblentz, Cahen, McCabe & Breyer, San Francisco, Cal., for petitioner.

## ORDER GRANTING RESPONDENT'S MOTION RE: VACATING STAY AND DISMISSING FEDERAL HABEAS PETITION

VUKASIN, District Judge.

### INTRODUCTION

Respondents' Motion to Vacate Stay and Dismiss Federal Habeas Petition was scheduled to be heard on February 20, 1992. After a review of the briefs, this court considered it appropriate to submit the motion on the pleadings pursuant to Local Rule 220–1, and now GRANTS the motion.

### BACKGROUND

The intolerable history of this case began on April 25, 1989 when petitioner obtained from another judge of this court an order appointing counsel and a "temporary" stay of the execution then scheduled for May 5, 1989. The court ordered the "temporary" stay of execution even though no petition for writ of habeas corpus had been filed. Rather, the stay was entered to provide the petitioner with counsel and to allow counsel adequate time to prepare the petition.

Such a stay is authorized by Local Rules 296–8(a) and (b).[1] That judge subsequently stayed the action five additional times for appointment of counsel and preparation of the petition.

Finally, on April 27, 1990, more than one year after the district court initially issued its "temporary" stay of execution, the petitioner filed a petition for writ of habeas corpus. However, the petition contained unexhausted claims, and thus, the district court could not proceed on the merits. Because the petition was "mixed," the district court, on the same day that the petition was finally filed, granted petitioner's *ex parte* application for a stay of execution pending final disposition of the federal proceeding, pursuant to Local Rule 296–8(a), and for a stay of the federal proceeding pending exhaustion of the state claims, pursuant to Local Rule 296–8(e).

The impact of the district court's order of April 27, 1990 was to place this action in limbo, to the benefit of the petitioner and to the detriment of the state. In effect, the court's order stayed petitioner's execution date pending final disposition of the federal habeas petition, and, final disposition of the federal habeas petition was stayed pending completion of the state court proceedings on the unexhausted claims. But, at the time of the order of April 20, 1990, there was no state habeas petition on which to proceed on the unexhausted claims. Nor is there any mechanism in the court's order to ensure that a state habeas petition on the unexhausted claims will be filed. And indeed, after almost two years, no state proceeding has been instituted to address the merits of the unexhausted claims stated in petitioner's federal habeas petition.

In his April 20, 1990 *ex parte* application for a stay, petitioner stated that: "He plans to file an application for such state court relief promptly." However, petitioner has failed to do so. As of this date, the petitioner has yet to file a state habeas corpus petition in the California Supreme Court, even though the state Death Judgment Policies appear to indicate that all such petitions should be brought to the Supreme Court.

In an effort to show due diligence, petitioner makes much of the fact that on January 16, 1991, he filed a state habeas petition in Santa Clara County Superior Court. On February 15, 1991, the petition was transferred to Fresno County Superior Court. On May 22, 1991, the superior court, on respondent's motion, dismissed the petition without prejudice so that a petition could be filed in the California Supreme Court. Nine months later, petitioner has yet to file a state habeas petition in the California Supreme Court. Thus, almost two years have elapsed since a judge of this court issued a stay in order that petitioner could "promptly" apply for state habeas relief, and no state court has addressed the merits of the unexhausted claims that the petitioner raised in the federal proceeding.

## DISCUSSION

This Court has fully reviewed the record and file in this case, and finds that the length of the stay of execution and stay of the proceedings on this federal habeas corpus petition is outrageous, and finds petitioner's lack of diligence in seeking relief on his unexhausted state claims to be scandalous. Federal courts, as courts of limited jurisdiction, should not, within the constitutional framework, preclude the states from exercising their sovereign powers to enforce their criminal laws. See *In re James Blodgett*, —— U.S. ——, 112 S.Ct. 674, 116 L.Ed.2d 669 (1992) (where the Supreme Court recognized that federal courts have a "concomitant duty to take all steps necessary to ensure prompt resolution" of a habeas petition after the issuance of a stay of execution directed to a State.)

Moreover, it is well established that "[u]nder our federal system, federal and state courts [are] equally bound to

---

1. The Ninth Circuit recently held that a district court has jurisdiction to stay the execution of a state prisoner in order to appoint counsel to assist the prisoner in preparing and filing a petition for federal habeas corpus relief in a case involving a similar Local Rule. See, *Brown v. Vasquez*, 952 F.2d 1164 (9th Cir.1991).

guard and protect rights secured by the Constitution." *Rose v. Lundy,* 455 U.S. 509, 519, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982) *quoting Ex parte Royall,* 117 U.S. 241, 251, 6 S.Ct. 734, 740, 29 L.Ed. 868 (1886). Federal courts, as a matter of comity, should not overturn a state court conviction on constitutional grounds, without first providing the state court with an opportunity to correct its own constitutional violation. See, e.g., *Darr v. Burford,* 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950); *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981). Thus, in order to protect the state courts' important role in the enforcement of federal law, federal relief is inappropriate prior to the total exhaustion of all available state remedies. See, e.g., *Id.; Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 490–91, 93 S.Ct. 1123, 1127–28, 35 L.Ed.2d 443 (1973).

■ Recognizing these important principles, Local Rules 296–8(a) and (e) authorize this Court to stay the federal proceeding pending exhaustion of state remedies. However, such abeyance is neither mandatory, nor always the proper course. This case clearly demonstrates the ease by which the Local Rules can be exploited and perverted, resulting in a violent abuse of the "great writ," and an execrable windfall for the petitioner. For the past three years a federal court has interfered with the state's sovereign authority to enforce its own laws, without taking any action. For the last two years, petitioner has failed to properly present the state with an opportunity to cure the alleged constitutional violation. Under these circumstances, the Supreme Court mandate is clear: "a district court *must* dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy,* 455 U.S. at 523, 102 S.Ct. at 1206 (emphasis added). Therefore, immediate dismissal is appropriate.

## ORDER

In accordance with the foregoing discussion, IT IS HEREBY ORDERED that:

1. Respondent's motion to vacate stay and dismiss the federal habeas petition is GRANTED.

2. The Order of the Court of April 27, 1990 re: stay of execution and stay of proceedings on federal habeas corpus petition is VACATED.

3. This Court will not entertain the "mixed" petition, and therefore, pursuant to *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1992), the federal habeas corpus petition presently pending in this court is DISMISSED WITHOUT PREJUDICE.

4. The respondent should petition, forthwith, the appropriate state court for a new execution date.

Petitioner's Motion to Alter or Amend the Judgment was scheduled to be heard on April 23, 1992. After a review of the briefs, this court considered it appropriate to submit the motion on the pleadings pursuant to Local Rule 220–1, and now DENIES the motion.

## BACKGROUND

Petitioner Fernando Eros Caro is a state prisoner, sentenced to death, who filed a petition for writ of habeas corpus on April 27, 1990 in this district. Because the petition contained both exhausted and unexhausted claims, another judge of this district stayed the federal proceedings to allow petitioner to pursue his available state court remedies, and stayed petitioner's execution until final disposition of the case.

By Order dated March 16, 1992, this Court vacated and set aside the stay of execution, and dismissed the habeas corpus petition without prejudice, due to petitioner's total failure, for nearly two years, to make any effort to pursue his state court remedies. Petitioner immediately filed this motion to alter or amend the judgment, pursuant to Rule 59(e), Fed.R.Civ.P., requesting, in essence, that this court vacate its Order of dismissal, reinstate the stay, and correct certain language in the order which petitioner dislikes. This court refuses to do so.

## DISCUSSION

Federal Rule of Civil Procedure 59(e) authorizes this Court to alter or amend its judgment in order to correct material errors of fact or law therein. Upon review of the March 16, 1992 Order, and after careful consideration of the arguments raised by the parties in their briefs, this Court finds no error of fact or law which would require the result which petitioner seeks. This Court is completely satisfied that the Order is well grounded in fact and warranted by existing law. Petitioner's arguments to the contrary are completely without merit.

■ Petitioner argues that in order to "avoid a manifest injustice" the stay of execution should remain in place and the petition should not be dismissed because "[a]t no time was Mr. Caro given any notice by this Court that he was proceeding too slowly in state court, ... [and] no deadline was ever set by this Court for petitioner to complete his state court proceedings." Thus, petitioner argues, vacating the stay and dismissal of the petition "with absolutely no prior warning is a clear violation of Mr. Caro's due process rights."

So "clear" is the due process violation that petitioner cites no case in support of his argument. Rather, petitioner merely rehashes arguments raised in opposition to respondent's motion to dismiss in an attempt to excuse the delay; such arguments have already been addressed and rejected by this Court. Additionally, petitioner ignores the fact that in his original *ex parte* application for a stay in April of 1990, petitioner indicated that he would "promptly" seek state court relief. As the record in this case conclusively demonstrates, petitioner's actions were anything but prompt.[1]

■ Petitioner's further statement that he "justifiably assumed that he could proceed to take whatever time was necessary to exhaust state remedies" all but concedes the fact that he did not act with the intention of ensuring expeditious resolution of this action. Petitioner has not, and can not argue that this Court lacked authority to vacate the stay and dismiss the petition. Although the Local Rules of this Court, permit the issuance of a stay, this Court has a "duty to take all steps necessary to ensure prompt resolution" of a habeas petition once a stay of execution is issued. *In re James Blodgett*, —— U.S. ——, 112 S.Ct. 674, 116 L.Ed.2d 669. Moreover, *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), mandates dismissal of federal habeas petitions, such as Mr. Caro's, containing both unexhausted and exhausted claims. *See id.* at 523, 102 S.Ct. at 1205–06.

■ Petitioner also requests that this Court alter or amend its Order by striking the language which implied that petitioner's inaction "result[ed] in a violent abuse of the 'great writ' " and add language to the effect that, after exhaustion of state remedies, petitioner may re-file his petition and it will not be considered a successor petition or an abuse of the writ under *McCleskey v. Zant*, —— U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Such alteration or amendment is unnecessary. Petitioner's federal habeas petition was explicitly "DISMISSED WITHOUT PREJUDICE", and thus, any renewed petition would not be considered a successive petition within the meaning of Rule 9(b) of the Habeas Corpus Rules. *See*, Rules following 28 U.S.C. § 2254; *McCleskey v. Zant*, —— U.S. ——, 111 S.Ct. 1454, 1456–67, 113 L.Ed.2d 517 (1991).

Petitioner also takes umbrage with this Court's statement that "respondent should petition, forthwith, the appropriate state court for a new execution date," and requests that such language be stricken. However, the Court's Order does not mandate such action, and thus, even if improper as petitioner argues, it is merely a suggestion which adds nothing of import and can-

---

1. Petitioner's suggestion that the detailed California Supreme Court guidelines for death penalty habeas review, and that the California Supreme Court's failure to act upon petitioner's request for investigation fees justifies the delay is groundless. Federal intervention with a state's sovereign power for over three years without action can not be justified by disputes over the scope or procedure of the state's collateral review policies.

not be viewed as error such that it should be stricken.

Accordingly, petitioner's motion to alter or amend the judgment is DENIED.

IT IS SO ORDERED.