**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 93-2618
Summary Calendar
_____

COLIN J. HERBST,

Petitioner-Appellant,

VERSUS

WAYNE SCOTT, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____
(January 4, 1995)

Before DUHÉ, WIENER, and STEWART, Circuit Judges.

DUHÉ, Circuit Judge:

Treating the Suggestion for Rehearing En Banc as Petition for Panel Rehearing, the Petition for Panel Rehearing is DENIED. No member of the panel nor Judge in regular active service of the Court having requested that the Court be polled on rehearing en banc (FRAP and Local Rule 35), the Suggestion for Rehearing En Banc is also DENIED.

On our own motion we held the mandate in this matter. Having reconsidered the case we recall our prior opinion[1] and substitute the following.

Appellant Colin J. Herbst, proceeding pro se and in forma pauperis, appeals the trial court's abuse of the writ dismissal of

_____
[1]  _Herbst v. Scott_, No. 93-2618, 1994 WL 561826 (5th Cir. 1994).

his petition for writ of habeas corpus. Because this is Herbst's second federal habeas petition, the district court applied the cause and actual prejudice requirements of <u>McCleskey v. Zant</u>, 111 S. Ct. 1454, 1470 (1991). We affirm.

## FACTS

Herbst is currently serving a fifty-year sentence in Texas state prison for aggravated sexual assault of a child (1990 conviction). The court enhanced his sentence because of a prior conviction of rape of a child (1980 conviction), which Herbst satisfied by serving seven years in prison. Herbst attacked the 1980 conviction in his first state habeas petition and the 1990 conviction in his second state petition. His first federal habeas petition raised the exact same issues found in his first state petition. The federal court denied his first federal habeas petition on the merits before the state resolved his second habeas petition. After Herbst's second state habeas petition was denied, he raised the same issues in his second federal petition. The district court dismissed his second petition for abuse of the writ because Herbst failed to show cause and actual prejudice for failing to raise his new grounds in his first federal habeas petition. Herbst appeals.

## DISCUSSION

As a threshold matter, Herbst questions the jurisdiction of the federal court that heard his first federal habeas petition. He contends that the court lacked jurisdiction of his attack on his 1980 conviction because (1) he had fully satisfied the jail term;

2

(2) his second state habeas petition was still outstanding and, thus, he had not exhausted all his state remedies. 28 U.S.C. § 2254 Rule 9(b) provides a partial preclusive rule against second or successive habeas petitions.[2] We may examine the jurisdiction of the federal court that heard Herbst's first habeas petition in determining whether to invoke Rule 9(b). Patton v. Fenton, 491 F. Supp. 156, 159 (M.D. Pa. 1979); see also Caro v. Vasquez, 789 F. Supp. 315, 319 (N.D. Cal. 1992) (dismissing petition without prejudice so that any renewed petition would not be considered a successive petition within the meaning of Rule 9(b)); cf. Clark v. Bear Stearns & Co., 966 F.2d 1318, 1321 (9th Cir. 1992) (noting that res judicata does not bar a subsequent claim if the forum in which the first action was brought lacked subject matter jurisdiction).

The district court that heard Herbst's first federal habeas petition had jurisdiction to consider his attack on his 1980 conviction. A habeas petitioner may attack a prior conviction used to enhance his punishment. Allen v. Collins, 924 F.2d 88, 89 (5th Cir. 1991). The jurisdictional requirement of "in custody" is satisfied by reading the petition as a challenge to the current conviction. Maleng v. Cook, 490 U.S. 488, 493-94 (1989). Thus, the district court had jurisdiction to hear Herbst's attack on his

---

[2] Rule 9(b) provides in pertinent part: "A second or successive petition may be dismissed . . . [when] new and different grounds are alleged [if] the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."

1980 conviction because <u>Maleng</u> considers it an attack on his 1990 conviction.

Furthermore, Herbst's outstanding second state habeas petition did not deny the district court jurisdiction over Herbst's first federal habeas petition. The requirement that a petitioner first exhaust his state remedies is based on comity, not jurisdiction. <u>Granberry v. Greer</u>, 481 U.S. 129, 131 (1987). In addition, the requirement of exhaustion of state remedies applies only to the questions presented in the federal habeas petition. <u>See</u> 28 U.S.C. § 2254(c) (1988).[3] If only exhausted claims are before the district court, the court may rule on the petition. <u>Williams v. Maggio</u>, 727 F.2d 1387, 1389 (5th Cir. 1984). The claims contained in Herbst's first federal habeas petition were exactly the same as those contained in his first state habeas petition. Those claims were exhausted. His unexhausted claims contained in his second state habeas petition were irrelevant to his first petition because they were not before the district court. We conclude that the district court had jurisdiction over Herbst's first federal habeas petition and could decide it on the merits.

Since the district court that heard Herbst's first federal habeas petition decided it on the merits, 28 U.S.C. § 2254 Rule 9(b) applies to his second petition. If the second petition presents new grounds that were not alleged in the first petition,

---

[3] "An applicant shall not be deemed to have exhausted the remedies available in the courts of the state, within the meaning of [§ 2254(b)], if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c) (1988).

the Government may plead abuse of the writ. <u>McCleskey v. Zant</u>, 111 S. Ct. 1454, 1470 (1991). The Government satisfies its burden if, with clarity and particularity, it describes petitioner's writ history, identifies his new claims, and alleges that petitioner has abused the writ. <u>Id.</u> The burden then shifts to petitioner to provide an excuse for failing to bring his claims in the earlier petition. <u>Id.</u> Petitioner must demonstrate cause and actual prejudice to satisfy his burden.[4] <u>Id.</u> The district court determined that the Government had satisfied its burden and that petitioner had failed to show both cause and actual prejudice. We review a court's abuse of the writ determination for abuse of discretion. <u>McGary v. Scott</u>, 27 F.3d 181, 183 (5th Cir. 1994).

We agree with the district court's determination that no cause existed. Cause is an objective factor external to petitioner that impeded his efforts to consolidate his claims in one petition. <u>McCleskey</u>, 111 S. Ct. at 1470. At the time, had Herbst brought all his claims together in one federal habeas petition, the district court would have dismissed his petition. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982) (requiring federal courts to dismiss "mixed petitions" that include both exhausted and unexhausted claims).

---

[4] The question arises whether an exception to <u>McCleskey</u> exists for a pro se petitioner who uses his previous petition to attack a prior conviction used to enhance his current sentence. We cannot say that such an exception exists. Under <u>McCleskey</u>, the cause and prejudice requirements apply to all second and successive petitions, except for those "implicating a fundamental miscarriage of justice." 111 S. Ct. at 1470. That exception is not applicable in this case.

Failure to exhaust does not constitute cause if the petitioner is aware of his new claims at the time he asserts his previous petition. McGary, 27 F.3d at 184; Jones v. Estelle, 722 F.2d 159, 168 (5th Cir. 1983) (en banc), cert. denied, 466 U.S. 976 (1984). We apply a constructive knowledge standard to Herbst.[5] Herbst filed his first federal petition on May 3, 1991, which the district court denied on April 20, 1992. Herbst filed his second state petition, which included the same claims he asserted in his second federal petition, on October 8, 1991. He should have known about his claims against his 1990 conviction at the time he asserted his first federal petition. Herbst cannot justify his failure to consolidate by relying on his failure to exhaust his state remedies on his new claims. See McGary, 27 F.3d at 184-85 ("We do not accept [petitioner's] proposition that, in this case, two wrongs make a right."). We conclude that Herbst lacked cause for not consolidating his federal claims into one petition.[6]

---

[5] In Estelle, the en banc court reserved the question of whether an actual or constructive knowledge standard applies to a pro se petitioner. 722 F.2d at 163-64 n.3. Our pre-McCleskey cases held that an actual knowledge standard applied to petitioners who had filed their previous petition pro se. Schouest v. Whitley, 927 F.2d 205, 208 (5th Cir. 1991); Matthews v. Butler, 833 F.2d 1165, 1171 (5th Cir. 1987). In Saahir v. Collins, 956 F.2d 115, 119 (5th Cir. 1992), which we decided post-McCleskey, we overruled these cases in that respect and applied a constructive knowledge standard in view of McCleskey.

[6] The Estelle court also limited its ruling to petitioners who had been represented by counsel on their previous petition. Id. at 165. Because McCleskey applied Rule 9(b) to all second and successive petitions, we need not consider this restriction. See Saahir, 956 F.2d at 119 (recognizing that McCleskey does not distinguish between pro se petitioners and those represented by counsel).

Because we have decided that no cause exists, we need not inquire into actual prejudice.  See McCleskey, 111 S. Ct. at 1474.


CONCLUSION

For the foregoing reasons, the district court's dismissal for abuse of the writ is AFFIRMED.

7