**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 95-60126
_____

GARY LEE MOORE,

Petitioner-Appellant,

versus

EDWARD HARGETT, SUPERINTENDENT OF MISSISSIPPI
STATE PENITENTIARY; MICHAEL C. MOORE, Attorney
General, State of Mississippi,

Respondent-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
_____
May 10, 1996

Before WISDOM, EMILIO M. GARZA, and PARKER, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Petitioner Gary Lee Moore filed a habeas corpus petition pursuant to 28 U.S.C. § 2254(b) challenging several prior convictions which were used to enhance a new sentence. The district court rejected Moore's challenge as procedurally barred for untimeliness, and alternatively as being without merit. We affirm.

I

In 1991, Moore was convicted of burglary in a Mississippi state court. At sentencing, the judge enhanced Moore's sentence,

finding that Moore's prior convictions in 1983 for burglary and forgery rendered him a habitual offender under Mississippi law. Moore is currently serving this sentence.

After the sentencing hearing, Moore sought post-conviction relief in Mississippi state court, requesting the court to dismiss his 1983 convictions on the basis that his guilty pleas upon which the convictions were based were obtained in violation of his constitutional rights.[1] The state circuit court dismissed his petition on the sole basis that Moore's challenge was untimely because he failed to bring his post-conviction challenge within the statutory time period "after entry of judgment of conviction."[2] Moore appealed this decision to the Mississippi Supreme Court, which denied his petition for a writ of mandamus that would have directed the district court to consider the merits of his claim.

After exhausting his state remedies, Moore filed this habeas petition in federal district court. The district court assigned the matter to a magistrate, who recommended that the court deny Moore's claim because the state circuit court dismissed his petition on the "independent and adequate" ground that he failed to follow state procedural rules, thereby barring federal review, or, alternatively, because even if his petition was timely, his claims lack merit. The district court conducted a *de novo* review and

---

[1]    Specifically, Moore contends that the court failed to inform him of the possible minimum sentence that he could receive for these crimes and failed to state explicitly that Moore had the right to be free from self-incrimination.

[2]    Miss. Code Ann. § 99-39-5(2) (Supp. 1995).

-2-

adopted the magistrate's recommendation.  Moore filed a timely notice of appeal.

## II

The Mississippi courts dismissed Moore's petition because he failed to file his petition within the time period required by the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA).[3]  The UPCCRA, which became effective in 1984, provides:

> A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

Miss. Code Ann. § 99-39-5(2).[4]  With respect to defendants like Moore who were convicted before the effective date of the UPCCRA, the three year time limit runs from the effective date of the UPCCRA, thereby giving Moore until 1987 to raise his appeal.[5] *Patterson v. State,* 594 So. 2d 606, 607-08 (Miss. 1992).

When a state court decision rests on a state law ground that

---

[3]  Miss. Code Ann. § 99-39-5(2) (Supp. 1995).

[4]  The statute also provides several exceptions for situations in which the Mississippi or United States Supreme Court renders a decision that would have adversely affected his conviction, the defendant discovers new evidence, not reasonably discoverable at trial, that would have resulted in a different outcome, or the defendant claims his sentence is expired or his parole has been unlawfully revoked.  Moore, however, does not claim that any of these exceptions apply.

[5]  Under Mississippi law, a defendant cannot attack prior convictions used as a basis for an enhanced sentence during the sentencing hearing; rather, the defendant must bring a post-conviction petition for relief from the prior convictions. *Sones v. Hargett,* 61 F.3d 410, 418 n.14 (5th Cir. 1995) (citing *Phillips v. State,* 421 So. 2d 476, 481 (Miss. 1982)).

is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case. *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S. Ct. 2546, 2553, 115 L. Ed. 2d 640 (1991). The independent and adequate state ground doctrine "applies to bar federal habeas when a state court decline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement." *Id.* at 729-20, 111 S. Ct. at 2554.

For the independent and adequate state ground doctrine to apply, the state courts adjudicating a habeas petitioner's claims must explicitly rely on a state procedural rule to dismiss the petitioner's claims. *Sones,* 61 F.3d at 416. The procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." *Id.* The petitioner, however, can rebut this presumption by establishing that the procedural rule is not "strictly or regularly followed." *Id.* Even if the state procedural rule is strictly and regularly followed, the defendant still can prevail by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750, 111 S. Ct. at 2565.

In *Sones*, a panel of the Fifth Circuit stated in dicta that "it is arguable" that a state procedural bar that prevents a

defendant, such as Moore, from challenging prior convictions that occurred before 1984, but are subsequently used to sentence a defendant as a habitual offender, "may not be considered an independent and adequate state ground to bar federal relief." *Sones,* 61 F.3d at 418 n.14. The court reasoned that this might be so because the procedural bar would not provide an "opportunity at or after the enhancement proceeding for collateral relief from the new use of prior convictions," which the Seventh Circuit had recently held was necessary. *Id.* (citing *Smith v. Farley,* 25 F.3d 1363, 1369-70 (7th Cir. 1994), *cert. denied,* ___ U.S. ___, 115 S. Ct. 908, 130 L. Ed. 2d 791 (1995); *Tredway v. Farley,* 35 F.3d 288, 294 (7th Cir. 1994), *cert. denied,* ___ U.S. ___, 115 S. Ct. 941, 130 L. Ed. 2d 885 (1995)). However, the court in *Sones* specifically noted that this issue was not before it. *Id.*

In *Smith* and *Tredway,* the Seventh Circuit held that "`the systemic concerns of both fairness and efficiency'" require that "`if a defendant does not have access to a fair procedure in a state court affording him a review, on the merits, of the constitutionality of a prior conviction after it has been incorporated into a new, enhanced sentence, a federal court may properly grant him such review.'" *Tredway,* 35 F.3d at 293 (citing *Smith,* 25 F.3d at 1367-68)); *see Smith,* 25 F.3d at 1368-69 (describing fairness and efficiency concerns). The Seventh Circuit distinguished *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S. Ct. 2546, 2565, 115 L. Ed. 2d 640 (1991), on the ground that the

petitioner in *Coleman* had not been "sentenced under a state recidivist statute and was not collaterally challenging a prior conviction which had been used to enhance his present sentence." *Tredway,* 35 F.3d at 294. Therefore, the court concluded, the Supreme Court had not considered the fairness and efficiency concerns that compelled the court's decision in *Farley*. *Id.*

The Seventh Circuit's reasoning ignores the concerns of comity and federalism that underlie the adequate and independent state ground doctrine. *See Coleman,* 501 U.S. at 730, 111 S. Ct. at 2554 (stating that the doctrine is grounded in comity and federalism concerns). The *Coleman* court noted that without the independent and adequate state ground doctrine, a federal habeas court could release a prisoner held pursuant to a state court judgment that rests on an independent and adequate state ground, thereby rendering ineffective the state procedural rule just as completely as if the Supreme Court had reversed the state judgment on direct review. *Id.* Without the doctrine, state prisoners whose custody was supported by an independent and adequate state ground would be entitled to an "end run around the limits of [the federal courts'] jurisdiction and a means to undermine the State's interest in enforcing its laws." *Id.*

The *Coleman* Court noted there are also comity concerns that arise when the independent and adequate state law ground is a procedural default.

> This Court has long held that a state prisoner's federal
> habeas petition should be dismissed if the prisoner has

not exhausted available state remedies as to any of his federal claims. This exhaustion requirement is also grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights. . . . "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." . . . . Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer "available" to him. In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in *all federal habeas cases.*

*Id.* at 731-32, 111 S. Ct. at 2554-55 (emphasis added) (quoting *Rose v. Lundy,* 455 U.S. 509, 518, 102 S. Ct. 1198, 1203, 71 L. Ed. 2d 379 (1982)).

In addition to ignoring federalism and comity concerns, the Seventh Circuit's conclusion that the *Coleman* decision does not "encompass all collateral challenges to prior convictions used to enhance subsequent sentences" creates finality problems and a preference for repeat offenders. *Tredway, 35 F.3d at 294.* The Supreme Court has emphasized that "principles of finality associated with habeas corpus actions apply with at least equal force when a defendant seeks to attack a previous conviction used for sentencing." *Custis v. United States,* ___ U.S. ___, ___, 114

-7-

S. Ct. 1732, 1739 (1994). The Seventh Circuit rule would bar a state prisoner's appeal of an initial habeas ruling because he filed the appeal on day late, yet allow that same defendant the opportunity to challenge that same conviction many years later once that defendant had committed another crime. As noted by Judge Trott of the Ninth Circuit, it is not "necessary to bend over backwards to the point of standing on our heads to indulge repeat offenders whose 'standing' to reopen closed cases is based on having committed another criminal offense." *United States v. Davis,* 15 F.3d 902, 917 (9th Cir.) (Trott, J., concurring in part, dissenting in part), *withdrawn and superseded by* 36 F.3d 1424 (9th Cir. 1994).

We conclude that the Supreme Court in *Coleman* intended the independent and adequate state ground doctrine to encompass "all federal habeas cases" including those in which a prisoner challenges a prior conviction that was subsequently been used to enhance a prisoner's sentence.[6] The Mississippi circuit court dismissed Moore's suit under the UPCCRA as being untimely on its face; thus, it is clear that the state expressly relied on a procedural rule to dismiss Moore's challenge, raising the presumption that the UPCCRA qualifies as an independent and adequate state ground to bar federal review of Moore's claim.

---

[6] We recognize that the Supreme Court has recently suggested that the issue of whether due process mandates that states "allow recidivism defendants to challenge prior guilty pleas" is unresolved. *Parke v. Raley,* 502 U.S. 20, 28, 113 S. Ct. 517, 523, 121 L. Ed. 2d 391 (1992).

Moore contends that the UPCCRA is not an independent and adequate state ground because it is not strictly and regularly enforced. After reviewing the cases in which the Mississippi courts have applied the UPCCRA, we do not find any evidence that the Mississippi courts have applied the UPCCRA in an inconsistent manner.[7]

Moore also attempts to overcome the bar to federal review of his claim by demonstrating cause for his procedural default and prejudice stemming from the alleged constitutional errors. Cause is defined as "something external to the petitioner, something that cannot fairly be attributed to him" that impedes his efforts to comply with the procedural rule. *Coleman,* 501 U.S. at 753, 111 S. Ct. at 2566. Moore's stated excuse for his procedural default is that he is challenging these prior convictions only to reduce his enhanced 1991 sentence, an issue that did not arise until after his 1991 conviction. This argument, however, fails to explain why Moore failed to challenge his 1983 guilty pleas within the statutory time period. Moore had until 1987 to raise these claims, yet failed to do so. The fact that he was not interested in

---

[7]    *See e.g., Fortson v. Hargett,* 662 So. 2d 633, 635 (Miss. 1995) (applying the parole exception of § 99-39-5(2) to hold that the time bar did not apply); *Lockett v. State,* 656 So. 2d 68, 71 (Miss.) (upholding the application of the time bar to a collateral appeal by a death row inmate), *cert. denied,* ___ U.S. ___, 115 S. Ct. 2595, 132 L. Ed. 2d 29 (1995); *Brown v. State,* 643 So. 2d 937, 938-39 (Miss. 1994); *Campbell v. State,* 611 So. 2d 209, 210 (Miss. 1992); *Cole v. State,* 608 So. 2d 1313, 1317 (Miss. 1992), *cert. denied,* ___ U.S. ___, 113 S. Ct. 2936, 124 L. Ed. 2d 685 (1993); *Patterson,* 594 So. 2d at 608 (barring the defendant's claim as time barred because three years had passed and no fundamental constitutional right was involved in the claim); *Luckett v. State,* 582 So. 2d 428, 430 (Miss. 1991). Notably, this Court reached the same conclusion in *Sones,* 61 F.3d at 417-18.

implementing a challenge until after he had committed more crimes is not an objective, external factor that impeded his ability to raise these claims within Mississippi's time period. *Herbst v. Scott,* 42 F.3d 902, 905-06 (5th Cir.), *cert. denied,* ___ U.S. ___, 115 S. Ct. 2590, 132 L. Ed. 2d 838 (1995). Accordingly, we find that Moore has not established cause for his failure to comply with § 99-39-5(2). Because we decide that no cause exists, we need not inquire into actual prejudice. *Herbst,* 42 F.3d at 906. Moore has failed to allege or demonstrate that a failure to consider his claims will result in a fundamental miscarriage of justice. Therefore, we hold that we lack jurisdiction to consider Moore's claims because they were dismissed on an independent and adequate state ground.

## III

For the foregoing reasons, we AFFIRM the decision of the district court.