**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 97-31026
_____

WILLIE BRUINS,

Petitioner-Appellant,

versus

BURL CAIN, WARDEN,
LOUISIANA STATE PENITENTIARY,

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Western District of Louisiana
(96-CV-2415)
_____

August 7, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Willie Bruins appeals the judgment of the district court denying habeas corpus relief, which Bruins sought pursuant to 28 U.S.C. §2254. The district court referred the matter to the magistrate judge who agreed with Respondent's assertion that Bruins is procedurally barred on the basis of an independent and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adequate state ground,[1] but then proceeded to address the merits of the petition as well.  The district court adopted the magistrate judge's recommendation and dismissed Bruins's petition on the merits rather than on the procedural bar.  The district court issued a certificate of appealability (COA) on three issues, none of which was procedural bar.

We have reviewed the record and the applicable law as set forth in the appellate briefs and supplemented by independent research, and we are satisfied that the district court's dismissal of the instant petition should be affirmed.  We conclude, however, that such affirmance should be on the basis of the state court's clear and unequivocal dismissal on grounds of procedural bar, which we hold was an independent and adequate state ground.  As such, we need not and therefore do not reach any of the grounds of merit covered by the COA.

We stated in Moore v. Roberts that "when a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case."[2]  It follows that when a federal court must consider the independent and adequate state grounds doctrine, the court is required to address

---

[1] Respondent's procedural bar argument is based on the provisions of La.C.Civ.P.Ann. art. 930.8 (West 1998), which required Bruins to assert his claim by October 1, 1991.

[2] 83 F.3d 699, 701 (5th Cir. 1996).

2

the question of its own jurisdiction.  Here, therefore, we are free to affirm the district court's dismissal of Bruins's Section 2254 petition on the basis of the independent and adequate state grounds doctrine without running afoul of the principle that a court of appeals has no jurisdiction to consider issues other than  those enumerated in the COA.  After all, denial of habeas relief under the doctrine of independent and adequate state ground is a determination that we do not have jurisdiction to examine the merits of the petition for habeas relief.

AFFIRMED.