IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30320
Summary Calendar
_____

SYLVESTER ROLLINS,

                                        Petitioner-Appellant,

                        versus

BURL CAIN, Warden, Louisiana
State Penitentiary,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CV-1395-M
_____

June 18, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Sylvester Rollins, a Louisiana prisoner (# 76405), appeals from the dismissal of his third 28 U.S.C. § 2254 habeas petition as abusive and successive under Rule 9(b) of the Rules Governing Section 2254 Proceedings.

This court reviews a dismissal under Rule 9(b) for abuse of discretion. Herbst v. Scott, 42 F.3d 902, 905-06 (5th Cir. 1995). A court may not reach the merits of a habeas petition raising either claims identical to those raised and rejected in a previous petition or new grounds not previously raised, unless the

_____

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

petitioner establishes "cause" for not raising the claim in a prior petition and "prejudice" if the court fails to consider the new point. See McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). Rollins's claim that a jury instruction shifted the burden of proof in violation of Sandstrom v. Montana, 442 U.S. 510 (1979), was successive in that it had already been raised in Rollins's second § 2254 petition in 1981. Pretermitting the question whether Rollins has shown "cause" for raising the Sandstrom argument for a second time, he has not shown "cause" for having *failed* to raise it in his first § 2254 petition in 1975. See McCleskey, 499 U.S. at 493-94; Proctor v. Butler, 831 F.2d 1251, 1253-54 (5th Cir. 1987) (although Sandstrom was not issued until 1979, the legal basis for Sandstrom was "reasonably available" as a foreseeable extension of In re Winship, 397 U.S. 358 (1970)).

As for Rollins's claim that his life sentence is based on an unconstitutionally vague statute, he waived any objection to the district court's conclusion that such claim was abusive. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); FED. R. APP. P. 28(a)(6).

The district court did not abuse its discretion in dismissing Rollins's third § 2254 petition under Rule 9(b).

A F F I R M E D.

2