**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 01-30853**
**Summary Calendar**

**WILLIAM S. JOHNSON,**

**Petitioner-Appellant,**

**versus**

**BURL CAIN, Warden, Louisiana State Penitentiary,**

**Respondent-Appellee.**

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(No. 97-CV-1338)**

August 1, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

William S. Johnson, Louisiana prisoner # 99104, appeals the denial of 28 U.S.C. § 2254 habeas relief concerning his 1979 conviction of first-degree murder. On 24 January 2002, our court granted Johnson a certificate of appealability on the issue for which our court, in a prior appeal, had ordered a remand to the district court: whether, for his claim that the jury charge on reasonable doubt violated due process under *Cage v. Louisiana*, 498 U.S. 39 (1990), Johnson demonstrated cause and prejudice to excuse his procedural default premised on the state court's conclusion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Johnson's state postconviction application was barred by the three-year limitations provision, LA. REV. STAT. ANN. art. 930.8. *See Johnson v. Cain*, 215 F.3d 489, 497 (5th Cir. 2000).

"The procedural-default doctrine ... precludes federal habeas review when the last reasoned state court opinion addressing a claim explicitly rejects it on a state procedural ground." *Hughes v. Johnson*, 191 F.3d 607, 614 (1999) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 801, 803 (1991)), *cert. denied*, 528 U.S. 1145 (2000). "When the state court has relied on an independent and adequate state procedural rule, federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). "Cause is defined as 'something external to the petitioner, something that cannot fairly be attributed to him' that impedes his efforts to comply with the [state] procedural rule." *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996) (citing *Coleman*, 501 U.S. at 753), *cert. denied*, 519 U.S. 1093 (1997).

Johnson contends that, on remand, he submitted evidence in the form of personal affidavits showing he had "cause" to excuse the procedural default, in that:  he submitted his state postconviction application prior to the 1 October 1991 effective date of art. 930.8; but state officials did not file the application.  In the prior appeal, however, our court, determined that this allegation was "not supported by the record". *Johnson*, 215 F.3d at 494, 495. Because Johnson is barred by the "law of the case" doctrine from challenging this determination, *see United States v. Lawrence*, 179

2

F.3d 343, 351 (5th Cir. 1999), *cert. denied*, 528 U.S. 1096 (2000), and has offered no other evidence to show cause, the district court did not err in concluding Johnson had not shown cause to excuse his procedural default.

In any event, Johnson has not established that he would be prejudiced by failure to consider the merits of his *Cage* claim; he cannot show that trial errors "worked to his actual and substantial disadvantage". *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citing *Murray v. Carrier*, 477 U.S. 478, 494 (1986)). Although the jury charge contained the three terms found objectionable by the Supreme Court in *Cage* ("grave uncertainty", "actual or substantial doubt", and "moral certainty"), the charge contained additional language that negated the defectiveness of the "moral certainty" phrase. *See Williams v. Cain*, 229 F.3d 468, 476-77 (5th Cir. 2000), *cert. denied*, 122 S. Ct. 72 (2001).

*AFFIRMED*