# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2022

Lyle W. Cayce
Clerk

No. 19-51160

Kirk Wayne McBride, Sr.,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
No. 5:18-CV-831

Before Jolly, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Kirk Wayne McBride is a Texas inmate serving a 99-year sentence. He was on parole beginning in 2014, but parole was revoked in 2017. McBride filed two federal habeas petitions, about eight months apart, challenging aspects of the parole revocation. The district court dismissed the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

first petition with prejudice and eventually dismissed the second petition as impermissibly "successive" under 28 U.S.C. § 2244(b)(3). Because McBride's first habeas petition should have been dismissed without prejudice instead of with prejudice, the subsequent petition was not successive. We therefore VACATE the decision of the district court and REMAND for further proceedings consistent with this opinion.

In 1995, McBride was convicted of aggravated sexual assault as a habitual offender and was sentenced to 99 years of confinement. He was paroled in 2014, but in 2017 the parole board held three separate parole proceedings. At the first one, in March 2017, the board held a hearing to determine what action to take in light of a positive drug test. The board chose not to revoke parole at that time, but it placed McBride in an Intermediate Sanction Facility for drug treatment. Only four days after his release from that facility, McBride failed another drug test. Thus, at a July 2017 hearing, the board decided to revoke his parole. Finally, in November 2017, the board reopened the proceedings only to allow the parole officer to present a signed "Notice of Special Condition" and to reaffirm the prior parole revocation.

McBride filed three separate habeas applications in Texas state court, challenging various aspects of the parole proceedings. The Texas Court of Criminal Appeals denied each of the applications.

In December 2017, McBride filed his first federal habeas petition. In it, he challenged only aspects of the March 2017 parole proceedings which resulted in his being placed in drug treatment. In July 2018, the district court dismissed the petition with prejudice for lack of jurisdiction, explaining that the petition became moot when McBride was released from treatment and went back on parole. The district court also found that the petition had not been properly exhausted and was meritless. McBride sought a certificate of

No. 19-51160

appealability from this court, which was denied.  Order at 1–2, *McBride v. Davis*, No. 18-50782 (5th Cir. May 2, 2019).

McBride filed the habeas petition central to this case in August 2018. In it, he challenged the July 2017 and November 2017 parole proceedings. The district court dismissed the petition without prejudice, finding that because McBride could have raised the claims in the first federal habeas petition, the subsequent petition was "successive" and the court thus lacked jurisdiction to consider it.  McBride sought a certificate of appealability, which this court granted in part and denied in part.  Order at 1–3, *McBride v. Lumpkin*, No. 19-51160 (5th Cir. Mar. 9, 2021).

The question we must answer is whether McBride's second federal habeas petition under 28 U.S.C. § 2254 was an unauthorized "successive" petition.[1]  Both parties agree that it is not.  We agree as well, and so the district court erred by dismissing that petition for lack of jurisdiction.

We review *de novo* the dismissal of a § 2254 habeas application on procedural grounds.  *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004).

Section 2244(b) limits the consideration of second or subsequent habeas petitions in federal court.  Section 2244(b)(3)(A) requires a petitioner to get authorization from the court of appeals before filing a second or subsequent habeas application, and the application will be dismissed unless the petitioner can satisfy one of the statutory exceptions to the bar against subsequent petitions.  28 U.S.C. § 2244(b).  If a petitioner fails to surmount that § 2244(b) hurdle, the district court lacks jurisdiction to consider his habeas petition.  *See Burton v. Stewart*, 549 U.S. 147, 149 (2007).

---

[1] McBride raises other issues in his appeal, but because this court granted a certificate of appealability only for this issue, we do not consider the other issues.

But not every habeas petition filed after a first petition is impermissibly successive. Indeed, if a prior petition is dismissed *without prejudice*, a subsequent petition need not clear the § 2244(b) bar before the district court has jurisdiction to consider it. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (explaining that a habeas petition filed after a previous petition was dismissed without an adjudication on the merits is not "second or successive"); *see also In re Gasery*, 116 F.3d 1051, 1052 (5th Cir. 1997) (explaining that "a habeas petition refiled after dismissal without prejudice . . . is merely a continuation of [the] first collateral attack, not a 'second or successive' petition within the meaning of § 2244(b)").

In this case, the district court dismissed McBride's first federal habeas petition *with* prejudice. But it was wrong to do so.[2] Once the district court found that the first petition was moot, it lacked jurisdiction to consider it further. Thus, when it determined that the petition was moot, it should have dismissed the petition *without* prejudice—because to dismiss *with* prejudice is to make a determination on the merits. *Griener v. United States*, 900 F.3d 700, 706 (5th Cir. 2018) (modifying the judgment to dismiss the claims without prejudice and explaining that "[b]ecause the district court lacked jurisdiction[,] . . . it was without authority to dismiss the claims with prejudice because a dismissal with prejudice is a final judgment on the merits of a case" (internal quotation omitted)).

Because McBride's first federal habeas petition should have been dismissed without prejudice instead of with prejudice, his second petition

---

[2] Although the dismissal of the first petition is not before this court, we may nonetheless "examine the jurisdiction of the federal court that heard [the] first habeas petition" in determining whether the second is successive. *Herbst v. Scott*, 42 F.3d 902, 905 (5th Cir. 1995).

No. 19-51160

was not impermissibly "second or successive" under 28 U.S.C. § 2244(b).[3] We therefore VACATE the decision of the district court that dismissed the petition for lack of jurisdiction, and we REMAND to that court for further proceedings.

---

[3] Because we conclude that the petition is not successive—on the ground that the first petition should have been dismissed without prejudice—we do not consider whether we would reach the same conclusion based on the fact that the later petition challenges separate parole proceedings from those challenged in the first petition.